UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CYNTHIA GIZONI,

    Plaintiff,

v.

AFFINITY HUMAN RESOURCES, JERRY
HAMLING, and TOMMY ATAMONOFF,

    Defendants.

Case No. 16-10495

Honorable Nancy G. Edmunds

_____/

**ORDER GRANTING DEFENDANTS' CONVERTED MOTION FOR SUMMARY JUDGMENT [36] [15]**

This matter is before the Court on Defendants' motion for summary judgment, which was converted from a motion to dismiss. (*See* Dkt. 15; Dkt. 31; Dkt. 36.) For the following reasons, Defendants' converted motion is GRANTED.

**I.   Background**

**A. Procedural Background**

Plaintiff Cynthia Gizoni asserts employment discrimination and retaliation claims under Michigan's Elliott-Larsen Civil Rights Act ("ELCRA") and Title VII. Defendants include Affinity Human Resources ("Affinity") and two of Affinity's agents, Jerry Hamling and Tommy Atamanoff. In lieu of filing an answer, Defendants moved under Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff's Title VII claims for failure to state a claim.[1] Defendants also

---

[1] Defendants styled their motion as a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, but, as the Court explained in a previous order, Rule 12(b)(6) was the proper authority. (*See* Dkt. 31.)

1

asked the Court to decline to exercise supplemental jurisdiction over the state law claims if the Title VII claims were dismissed.

Defendants' motion to dismiss argued that the Title VII claims fail as a matter of law because the Complaint never alleges that Defendants are "employers" under Title VII, which is a requirement for liability. Title VII defines an "employer" as an individual or entity with "fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b). To support their motion, Defendants submitted an affidavit from Hamling, the CEO of Affinity, averring that Defendants have never employed fifteen or more people. (Dkt. 15, at 12-13.) Defendants also submitted a payroll detail register corroborating that averment. (Dkt. 24-1.)

In her Response to Defendants' motion to dismiss, Plaintiff agreed with Defendants' arguments regarding supplemental jurisdiction and conceded that Defendants must qualify as employers to be held liable under Title VII; however, she argued that she was entitled to discovery on the issue before the Court dismissed her case. (Dkt. 21, at 10-11.) Following a hearing, the Court agreed with Plaintiff and issued an Order Converting Defendants' Motion to Dismiss into a Motion for Summary Judgment and Holding It in Abeyance Pending the Completion of Limited Discovery. (Dkt. 31.) This Order permitted Plaintiff to request documents showing the number of Defendants' employees, and to take a two-hour deposition of an officer with knowledge of how many people Defendants employed. Plaintiff has since deposed Hamling and received documents in response to discovery requests, and Defendants filed supplemental briefing incorporating the limited discovery. (Dkt. 36) The Court ordered Plaintiff to respond to Defendants' supplemental

brief by a certain date, but she did not do so. Defendants' converted motion is now ripe for disposition.

### B. The Parties' Evidentiary Submissions

As discussed above, Defendants submitted the following evidence with their motion to dismiss: (1) an affidavit from Hamling averring that Defendants have never employed fifteen or more people; and (2) a payroll detail register that corroborates that averment. With their supplemental brief, Defendants have also submitted a transcript from Hamling's deposition, which corroborates his affidavit. (*See* Dkt. 36-1.) Plaintiff has not submitted any evidence aside from images of Affinity's website, which do not say anything about Defendants' number of employees.

## II. Applicable Standard

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When reviewing the record, "the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *U.S. SEC v. Sierra Brokerage Servs., Inc.*, 712 F.3d 321, 327 (6th Cir. 2013) (citation omitted). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## III. Analysis

### A. Title VII

As stated above, the parties agree that Title VII imposes potential liability for unlawful employment practices on "employers." 42 U.S.C. § 2000e-2(a). Title VII defines an

"employer" as an individual or entity with "fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b).

Plaintiff alleges that she was employed by Affinity. (Dkt. 1 at ¶ 9.) According to all of the evidence before the Court, Affinity never employed 15 or more employees. Therefore, Plaintiff cannot impose liability on Affinity or any of its agents for any alleged unlawful employment practices under VII. Accordingly, her Title VII claims fail as a matter of law, and Defendants are entitled to summary judgment on these claims.

**B. ELCRA**

Defendants argue that the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims once the federal claims are dismissed, and Plaintiff has not opposed the argument. When a district court has dismissed every claim over which it had original jurisdiction, the decision whether to exercise supplemental jurisdiction over remaining state law claims is "purely discretionary." *Carlsbad Technology, Inc. V. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)). In deciding whether to retain jurisdiction over state law claims, a district court should consider the "values of judicial economy, convenience, fairness, and comity." *Gamel v. City of Cincinnati*, 625 F.3d 949, 951-52 (6th Cir. 2010) (citing *Carnegie-Melon Univ. V. Cohill*, 484 U.S. 343, 350 (1988)). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Id.* at 952 (quoting *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996).

Here, the Court has dismissed Plaintiff's federal claims at an early stage, all discovery

conducted was related to whether Plaintiff could bring those federal claims, and analyzing the state law issues raised in the Complaint would not be a wise application of federal judicial resources. Accordingly, the Court declines to exercise jurisdiction over Plaintiff's state law claims, and they are DISMISSED WITHOUT PREJUDICE.

## IV. Conclusion

For the foregoing reasons, the Court GRANTS Defendants' motion for summary judgment.

SO ORDERED.

s/Nancy G. Edmunds

Nancy G. Edmunds
United States District Judge

Dated: September 25, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 25, 2017, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager